**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.** as Broadcast Licensee of the June 9, 2012 Manny Pacquiao v. Timothy Bradley Event, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:15-CV-1976-L** |
| **ADF MANAGEMENT, INC.** individually and d/b/a Pandora's Men's Club; **and CHRISTOPHER MULVANEY** individually and d/b/a Pandora's Men's Club, | § § § § § § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Motion for Final Default Judgment, filed February 11, 2016. After carefully considering the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Final Default Judgment.

**I.    Background**

J&J Sports Productions, Inc., ("J&J" or "Plaintiff") sued ADF Management, Inc. and Christopher Mulvaney ("Defendants") in this action.   Plaintiff sued Defendants for alleged violations of 47 U.S.C. §§ 553 and 605.  J&J contends that Defendants illegally intercepted the closed-circuit telecast of the June 9, 2012 Manny Pacquiao v. Timothy Bradley Event, (the "Event") and exhibited the Event in Defendants' Establishment, Pandora's Men's Club, located at 10649 Harry Hines Boulevard, Dallas, Texas 75220, as well as the undercard and preliminary bouts to the Event.  The main event and undercard and preliminary fights for the Event included the following bouts: Timothy Bradley v. Manny Pacquiao; Randall Bailey v. Mike Jones;

Guillermo Rigondeaux v. Teon Kennedy; Jorge Arce v. Jesus M. Rojas; Mikael Zewski v. John Ryan Grimaldo; Ernie Sanchez v. Wilton Hilario; Andrew Ruiz v. Tyler Lawson; and Jesse Hart v. Manuel Eastman.  According to J&J, Defendants did not pay the required licensing fee to J&J and did not receive J&J's authorization to show the Event.  The Summons and Complaint were served on Defendant ADF Management, Inc. ("ADF") on October 15, 2015; and on Defendant Christopher Mulvaney ("Mulvaney") on October 17, 2015.  The deadline for Defendants to answer or otherwise respond was 21 days after service, which was November 5, 2015 for ADF; and November 7, 2015 for Mulvaney. *See* Fed. R. Civ. P. 12.  As November 7, 2015, was a Saturday, Defendant Mulvaney should have filed an answer on November 9, 2015.  *See* Fed. R. Civ. P. 6(a)(1)(C).  Despite being served, Defendants, as of the date of this opinion and order, have not served an answer or otherwise responded to Plaintiff's Original Complaint ("Complaint").

J&J was the exclusive licensee through a licensing agreement, and Defendants did not have authorization from J&J to show the Event at his establishment.  Plaintiff possessed the proprietary right to exhibit and sublicense the Event through a licensing agreement with the promoter of the Event.  As such, J&J was licensed to show the Event at closed-circuit locations throughout the state of Texas, and the Event was legally available to a commercial establishment in Texas only if the commercial establishment had an agreement with J&J.  No agreement between J&J and Defendants existed that would have allowed Defendants to broadcast the Event to patrons at Defendants' establishment.  On June 9, 2012, Defendants intercepted, or assisted in the interception of, the transmission of the Event and broadcast or aired it for viewing by the patrons of Defendants' establishment.  Plaintiff's auditor observed the Event (specifically the bout between Jorge Arce and Jesus M. Rojas) being telecast on seven televisions to an average of 33 patrons at Defendants' establishment.

**Memorandum Opinion and Order – Page 2**

## II.    Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.  Fed. R. Civ. P. 55(a).  Under Rule 55(a), a default must be entered before the court may enter a default judgment.  *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  The clerk of the court has entered a default against Defendants.

Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).  Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants are in default.

Further, based upon the record, evidence, and applicable law, the court concludes that Defendants have violated 47 U.S.C. §§ 553 and 605, that J&J is an aggrieved party under the statute, and that it is entitled to statutory damages and reasonable attorney's fees for Defendants' statutory violations.  Accordingly, the court determines that Defendants, jointly and severally, are liable to J&J in the amount of $5,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and J&J shall recover this amount from Defendants.  Further, the court determines that an additional $25,000 shall be awarded to J&J, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), because the record reflects that Defendants' actions were willful and for the purpose of direct or indirect commercial advantage or private financial gain.  Moreover, the court determines that such damages are necessary to deter Defendants and other commercial establishments and entities from pirating or stealing protected communications.

**Memorandum Opinion and Order – Page 3**

The court also concludes that J&J is entitled to reasonable attorney's fees; however, the court disagrees that reasonable attorney's fees should be based on 33 1/3 percent of the damages awarded. The court does not believe that such a fee is reasonable under the circumstances of the case. The court believes that the lodestar method, that is, the number of hours reasonably expended times a reasonable hourly rate, should apply in this case. The lodestar method adequately compensates Plaintiff's counsel, Mr. David M. Diaz, in this case for legal services performed. Plaintiff's counsel estimates that he has expended approximately four hours on this litigation and believes that a blended hourly rate of $250 is reasonable for antipiracy litigation, considering his firm's experience with antipiracy cases. The court is familiar with Plaintiff's counsel's law firm and agrees that an hourly rate of $250 is certainly reasonable under the circumstances of this case. The court has awarded this hourly rate in prior cases handled by Mr. Diaz. Accordingly, the court awards Plaintiff $1,000 as reasonable attorney's fees in this case. The court declines to award attorney's fees for postjudgment work, including appellate matters, as the amount of such fees is speculative and unknown. If additional hours are expended postjudgment, Plaintiff will have an opportunity to seek such fees.

## III.    Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default Judgment. As required by Federal Rule of Civil Procedure 58, the court will issue a final default judgment against Defendants, jointly and severally, and in favor of J&J in the total amount of $31,000, which consists of $5,000 as statutory damages; $25,000 additional statutory damages; and $1,000 as reasonable attorney's fees. Postjudgment interest will accrue on the judgment at the applicable federal rate of **.67 percent** from the date of its entry until it is paid in full.

**It is so ordered** this 22nd day of March, 2016.

Sam A. Lindsay
United States District Judge